IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| DANNY RAY SHAFER, | ) |
| Plaintiff, | ) Civil Case No. 5:21-cv-00014 |
| v. | ) |
| | ) By: Elizabeth K. Dillon |
| SHERIFF DEPARTMENT, *et al.*, | ) United States District Judge |
| Defendants. | ) |

**MEMORANDUM OPINION**

This is a pro se action brought by Danny Ray Shafer against Assistant Commonwealth Attorney Amanda Strecky, Shenandoah County Sheriff Timothy Carter, Sheriff Deputy Josh Cook, and Sheriff Deputy Houston Toman. (Compl., Dkt. No. 2.)[1] The complaint was filed on February 17, 2021. Defendants seek dismissal of Shafer's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (Dkt. Nos. 11, 16.) For the reasons stated below, the motions are granted in part and denied in part.[2]

I. BACKGROUND[3]

Shafer was arrested for a DUI on January 16, 2018, while he was eating lunch at home

---

[1] The complaint also names "Sheriff Department" as a defendant. The "Sheriff Department" was served with the complaint (Dkt. No. 8) but has not made an appearance in this action or moved to dismiss. The Sheriff Department is not a proper defendant because no legal entity with that name exists. Virginia merely authorizes and identifies the duties of a sheriff and his deputies. *Cf.* Va. Code Ann. §§ 15.2-1609, 15.2-1609.1. Thus, a Sheriff's Department cannot be sued under § 1983. *See Revene v. Charles Ct. Comm'rs*, 882 F.2d 870, 874 (4th Cir. 1989) (explaining that a sheriff's office is "not a cognizable legal entity separate from the Sheriff in his official capacity" and cannot be sued under § 1983). *See also Galvin v. Bath Cty. Sherriffs Off.*, No. 7:21-CV-00351, 2021 WL 5149911, at *2 (W.D. Va. Nov. 4, 2021). Therefore, the Sheriff Department will be dismissed as a defendant from this action.

[2] Also pending are a motion for summary judgment by Cook and Toman and plaintiff's motion for judgment and for a hearing. (Dkt. Nos. 16, 28.) The court will address those motions separately.

[3] The following factual background is taken from the allegations in the complaint and are accepted as true for purposes of this motion and construed in the light most favorable to Shafer.

with his eight-year-old daughter. In October 2018, this charge was dismissed. Shafer claims that the charge was dismissed for a lack of evidence on behalf of the Commonwealth. (Dkt. No. 2).

On March 10, 2019, Shafer was indicted for child endangerment. Shafer claims that Strecky lied under oath to obtain an indictment against him. (*Id.* at 2.) On March 14, 2019, Shafer was apprehended by Deputy Toman. Handcuffed in a cell at the Sheriff's Department, Shafer inquired as to the reason for his arrest. When Shafer loudly demanded to be informed of the reason for his arrest, Deputy Cook entered the cell and threw Shafer to the ground, kicking him in the back and grabbing him by his handcuffs. Shafer claims that Toman failed to protect him from Cook's "assault" against him. (*Id.*) Shafer's wrists were injured as a result of the altercation. Additionally, Shafer claims that Sheriff Carter and Strecky gave false information to the newspaper and public to cover up their illegal acts, which in turn caused damage to Shafer's reputation. Shafer claims that his home was robbed of eight thousand dollars-worth of tools and items when he was arrested because no one was able to protect his property.

In his complaint, Shafer alleges that Toman and Cook "carried out a conspiracy to cover up Amanda Strecky." (*Id.* at 3). Shafer claims that Toman and Cook lied under oath while they were on the witness stand in General District Court in Woodstock, Virginia.

By way of summary in his complaint, Shafer claims that defendants committed the following crimes and violations: conspiracy to defraud the United States government, assault and battery, obstruction of justice, perjury to a court, fraud, criminal contempt, and civil contempt. (*Id.*) Shafer asks that charges be brought against defendants and seeks damages of twenty million dollars from each defendant.

II. ANALYSIS

**A. Motion to Dismiss**

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–63 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the nonmoving party." *Massey v. Ojaniit*, 759 F.3d 343, 347 (4th Cir. 2014). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano*, 521 F.3d at 302. Pro se complaints are afforded a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006).

**B. Statute of Limitations**

Defendants move to dismiss any claims arising out of the prosecution of Shafer's DUI charge, contained in paragraphs A and B of the complaint, arguing that they are time-barred. There is no federal statute of limitations for § 1983 claims, so the state limitations period which governs personal injury actions is applied. *See Wilson v. Garcia,* 471 U.S. 261, 280 (1985), *superseded in part by statute as stated in Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369 (2004). Virginia has a two-year statute of limitations for personal injury claims. Va. Code Ann. § 8.02-243(A). Therefore, the court must apply the two-year statute of limitations period to Shafer's § 1983 claim. *See Keystone v. Hinkle, et al*, 2016 WL 7368124. at *22 (W.D. Va. Nov. 16, 2016). It is clear on the face of the complaint that Shafer filed suit more than two years after these causes of action accrued because the latest date for accrual was October 2018. (*See* Dkt.

No. 2). Therefore, the claims in paragraphs A and B, regarding the DUI charges, will be dismissed. (*Id.* at 2).

## C. Prosecutorial Immunity

A prosecutor enjoys absolute immunity from suit for conduct "in initiating and in presenting the State's case." *Imbler v. Pachtman,* 42 U.S. 409 (1976). This includes claims that the prosecutor suborned perjury before a grand jury because seeking an indictment is a prosecutorial activity intimately associated with the judicial phase of the criminal process. *See Burns v. Reed,* 500 U.S. 478, 489-90 (1991); *White v. Wright,* 150 F. App'x 193, 197 (4th Cir. 2005) (confirming that witnesses providing false testimony to a grand jury resulting in an indictment are entitled to absolute prosecutorial immunity); *Carter v. Burch,* 34 F.3d 257, 263 (4th Cir. 1994); *Daye v. Brannon*, 166 F.3d 332, at *3-4 (4th Cir. Dec. 1, 1998) (unpublished table decision). Police officers' testimony to a grand jury and at trial are not actionable as they are entitled to the same prosecutorial immunity. *Briscoe v. LaHue,* 460 U.S. 325, 345-46 (1983).

Strecky is entitled to prosecutorial immunity because the allegations involve typical prosecutorial functions, such as the initiation of proceedings and presentment of evidence. Additionally, Toman and Cook are entitled to the same absolute prosecutorial immunity for testimony provided at trial. Any testimony made by Toman or Cook that was made during the initiating and presenting of the state's case at trial is also entitled to absolute immunity. Therefore, the court will grant defendants' motions to dismiss based on absolute prosecutorial immunity with regard to these matters.

## D. Due Process Claim Based Upon Defamation

Stigma or reputation alone, apart from some more tangible interests, is not "liberty" within the meaning of the due process clause. *Paul v. Davis,* 424 U.S. 693, 701 (1976) (finding

no protected liberty interest when state officials falsely included plaintiff's name on a list of shoplifters circulated to over eight hundred local businesses). Damage to a person's reputation is not "by itself sufficient to invoke the procedural protection of the Due Process Clause." *Id.* A plaintiff must demonstrate that his reputational injury was accompanied by a state action that distinctly altered or extinguished his legal status. *Elhady v. Kable,* 993 F.3d 208, at *39 (4th Cir. Mar. 30, 2021). A threshold issue is whether the Shafer has alleged a due process claim based on defamation sufficient to satisfy the pleading requirements of Fed. R. Civ. P. 8 which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."

In their motion to dismiss, defendants contend that the complaint does not identify the alleged statements made by Sheriff Carter or Strecky, the date they were made, the identity of the persons to whom the statements were made, or how those statements damage Shafer's business. (Dkt. Nos. 12, 17). In response, Shafer argues that Carter is responsible for his deputy's wrong doings and illegal acts, and any false information he gives to the newspaper. (Dkt. No. 21 at 2). Shafer states that Carter "gave these claims, DUI, child endangerment, and assault on a police office, which is slander causing damage to the plaintiff's business." (*Id.*) Shafer contends that he was approved for a loan at First Bank and that the loan officer, Mike Koontz, had seen the newspaper and denied the plaintiff's loan, which in turn, led to Shafer's credit being destroyed. (*Id.*) Shafer's sparse allegations have failed to allege a due process claim based on defamation that is sufficient to satisfy the pleading requirements. For that reason, defendants' motions to dismiss are granted with regard to a due process liberty interest claim.

**E. Theft of Property**

Shafer claims that Strecky, Carter, Toman, and Cook are liable for theft that occurred to plaintiff's property when he was incarcerated. (Dkt. No. 21). Plaintiff alleges that on March 17,

5

2019, he returned from jail to find that his property had been stolen during his incarceration because no one was there to protect his property. (*Id.*) Defendants collectively argue that they are not liable for the theft of Shafer's property at his residence by an unknown third party. (Dkt. Nos. 12, 17).

The due process clause does not impose upon state actors a duty to protect individuals from the criminal acts of a third party. *See Deshaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196-97 (1989). Two exceptions are where a special relationship exists or where the state creates the danger. *Tuner v. Thomas*, 930 F.3d 640, 645 (4th Cir. 2019) (holding that it was not clearly established at the time of the UTR rally that ordering officers not to intervene in private violence between protesters was an affirmative act within the meaning of the state-created danger doctrine). To establish § 1983 liability based on a state-created danger theory, a plaintiff must show that the state actor created or increased the risk of private danger, and did so directly through affirmative acts, not merely through inaction or omissions. *Doe v. Rosa*, 795 F.3d 429, 439 (4th Cir. 2015). Whatever "affirmative acts" a plaintiff relies on must have a direct causal connection to the harm that ultimately befell the victim. *Graves v. Lioi*, 930 F.3d 307, 323 (4th Cir. 2019). Plaintiff must allege facts sufficient to show the nexus necessary for any of the alleged conduct to be "affirmative acts," as the courts will not stretch the concept of "affirmative acts" beyond the context of immediate interactions between the state actor and the plaintiff." *Rosa*, 795 F.3d at 441 (citations omitted).

In her motion to dismiss, Strecky argues that Shafer did not set forth any allegations that Strecky had any involvement with the execution of the capias on March 14, 2019, or with the magistrate's decision on bail which kept Shafer in jail for three days. (Dkt. No. 12). Further, Strecky claims that there are no allegations that she had any prior knowledge that Shafer's

6

property would be stolen in his absence. (*Id.*) Strecky points to the absence of facts linking any of her alleged conduct with the theft by an unidentified third party. (*Id.*) Strecky also notes her entitlement to qualified immunity as a pretrial detainee does not have a clearly established right to protection of his personal property located at his residence against theft by unknown thieves during his incarceration. *See Turner*, 930 F.3d at 645, *Rosa*, 795 F.3d at 441-42.

Plaintiff has failed to establish § 1983 liability based on a state-created danger theory against Strecky. Shafer failed to allege any allegations about Strecky's involvement with his arrest on March 14, 2019, the setting of bail by the magistrate, or the alleged theft by an unidentified party. Additionally, Strecky is entitled to qualified immunity. For these reasons, Strecky's motion to dismiss is granted with regard to the theft at Shafer's home.

Carter, Cook, and Thomas argue there are no allegations that they had any control over Shafer's residence or the unidentified thief, or any forewarning that Shafer's personal property would be stolen while he was incarcerated. (Dkt. No. 17). In their motion to dismiss, defendants point to the absence of facts linking their affirmative acts with the theft by an unidentified third party at Shafer's residence. (*Id.*) Defendants also point to their entitlement to qualified immunity as a pretrial detainee does not have a clearly established right to protection of his personal property located at his residence against theft by unknown thieves during his incarceration. *See Turner*, 930 F.3d at 645, *Rosa*, 795 F.3d at 441-42.

Because Shafer has failed to allege any affirmative acts linking the defendants with the theft by an unidentified third party at Shafer's residence, Shafer has failed to state a due process claim of a failure to protect his property from being stolen during his incarceration. Alternatively, defendants are entitled to qualified immunity on this claim.

**F. Liberal Construction of Complaint**

The foregoing addresses the arguments raised by the defendants in their motions to dismiss. However, because plaintiff's pro se complaint is entitled to liberal construction, the court notes that the following claims have been plausibly alleged and have not been addressed in the motions to dismiss.

First, plaintiff's allegation that Deputy Cook threw Shafer to the ground in a jail cell and kicked him in the back could be construed as an excessive force claim under the Fourteenth Amendment. Deputy Toman, who allegedly stood by and did nothing, could be liable as a bystander. *See Lester v. City of Gilbert*, 85 F. Supp. 3d 851, 858 (S.D.W. Va. Feb. 4, 2015) (stating that an officer can be liable on a theory of bystander liability if he knows that a fellow officer is violating an individual's constitutional rights, has a reasonable opportunity to prevent the harm, and chooses not to act) (citing *Randall v. Prince George's Cnty, Md.*, 302 F.3d 188, 204 (4th Cir. 2002)). And while defendants raise the issue that Sheriff Carter lacks the required personal involvement, Shafer does allege that Carter was involved in the coverup of wrongful activity. (Compl. at 3.) Liberally construed, Shafer has plausibly alleged a nexus or affirmative link between Carter's actions and the alleged constitutional deprivation. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Finally, the same conduct could also be construed as a state law assault and battery claim.

Second, plaintiff's allegation that Carter and Strecky gave false information to the newspaper and the public about him to cover up their illegal acts could be construed as a state law defamation claim. *See Daniczek v. Spencer*, 156 F. Supp. 3d 739, 752 (E.D. Va. 2016) (setting out elements of a defamation claim under Virginia law).

Third, while Strecky, Toman, and Cook have argued that they are entitled to absolute prosecutorial immunity regarding constitutional claims, this argument would not necessarily preclude a state law claim for malicious prosecution to the extent that such a claim is not time-barred. "The Supreme Court of Virginia has explicitly held that state common law, not federal common law, governs the applicability of absolute prosecutorial immunity in a case of malicious prosecution." *Daniczek*, 156 F. Supp. 3d at 761 (citing *Andrews v. Ring*, 585 S.E.2d 780, 784 (Va. 2003)). It is not necessary to discuss the nuances and distinctions between federal law and Virginia in this context because defendants have raised the federal prosecutorial immunity defense, not the state law defense, and, as a result, a state law malicious prosecution claim may still be viable.

### III.  CONCLUSION

Based on the foregoing, the court will grant in part and deny in part the motions to dismiss and enter an appropriate order.

Entered: March 23, 2022.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge