IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| DANNY RAY SHAFER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5:21-cv-00014 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| SHERIFF TIMOTHY C. CARTER, *et al.*, ) | United States District Judge |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff Danny Ray Shafer, proceeding pro se, filed this civil rights action seeking $80 million in damages from a number of individuals. The court previously dismissed or granted summary judgment in favor of some of the defendants and on some claims. Now pending before the court is a motion by the three remaining defendants seeking judgment on the pleadings under Federal Rule of Civil Procedure 12(c). (Dkt. No. 46.) The court referred the motion to U.S. Magistrate Judge Joel C. Hoppe for a report and recommendation (R&R), pursuant to 28 U.S.C. § 636(b)(1)(B).

On August 30, 2023, the magistrate judge issued his R&R, recommending that the court grant the defendants' motion, enter judgment in each defendant's favor on the remaining claims against them, and strike the case from the court's active docket. (R&R 1, 16, Dkt. No. 59.) The magistrate judge also advised the parties of their right under 28 U.S.C. § 636(b)(1)(C) to file written objections to his proposed findings and recommendations within 14 days of service of the R&R. (*Id.* at 16.)

Shafter has filed what he calls a "Motion on Objections," which the court treats as objections to the R&R. (Dkt. No .60.) The court must review de novo any portion of a

magistrate judge's recommended disposition of a case to which a party has properly objected. Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1)(C). However, general objections to the entirety of a magistrate judge's report do not warrant de novo review. *See Veney v. Astrue*, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008) (quoting *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). A party must object "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *see also Page v. Lee*, 337 F.3d 411, 416 n.3 (4th Cir. 2003).

The court reviews any portion of the report to which no party has objected—or to which a party has noted only a general objection—for "clear error on the face of the record." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's notes); *see also Brown*, 969 F. Supp. 2d at 437 (noting that such portions are upheld "unless they are clearly erroneous or contrary to law"); *Veney*, 539 F. Supp. 2d at 844 ("Any part of the magistrate judge's disposition that has not been properly objected to is reviewed for, at most, clear error.").

Shafer's objections are largely conclusory and fail to address *specific* aspects of the magistrate judge's report. Shafter lists six objections, four of which (1, 2, 5, and 6) fall squarely in the category of "general and conclusory." (*See, e.g.*, Obj. 1 (objecting to the dismissal because the defendants "did wrongful crimes, . . . did not act in good faith or good cause, [and acted in an evil and dishonest way"); Obj. 2 (arguing that "someone didn't do their job" and that defendants "should have been removed before they hurt someone else, which they did"); Obj. 5 (objecting because defendants "knew that they did something wrong and they should be held accountable for their actions"); Obj. 6 (explaining that plaintiff believes in "right and wrong,"

2

stating that "these defendants are very wrong," and asking to proceed to trial).)  The court has considered these general objections, but it concludes that they do not trigger de novo review of any portions of the R&R.  And the court finds no clear error in the unobjected-to portions of the R&R.

Shafer's two more detailed objections relate to defendants Carter and Strecky.  (Objs. 3 & 4.)  As to defendant Sheriff Carter, Shafer argues that he is "responsible" for his deputies, that he failed to "correct" his deputies' misdeeds, and that he harmed the plaintiff's business and credit by giving information to the newspaper and the public.  (*Id.*)  The court has considered Shafer's arguments and concludes that most of his claims against Carter are subject to dismissal under Rule 12(c).  First of all, the court already dismissed Shafer's due process claims related to the information given to the newspaper and the public.  (R&R at 8 n. 6 (explaining the basis for the earlier dismissal of those claims).)  As to the remaining claim that Carter allegedly "covered up" his deputies' constitutional violations, the court, reviewing the objection *de novo*, agrees with the R&R's reasoning and resolution of those claims.  (R&R at 14–16.)  Thus, this objection will be overruled.  To the extent that Shafer intended to assert a defamation claim against Carter, it will be addressed in conjunction with the same claim against Strecky.  *See infra* at 4.

Shafer's objection as to defendant Strecky is that she should not be given prosecutorial immunity in the case because she acted in an "evil and dishonest way."  (Obj. 4.)  He then recites many of the same facts he alleged in his complaint, as well as allegations that Strecky also harmed another individual who is not a party to this case with a "false indictment" that destroyed that person's career.  (*Id.*)  The R&R concluded that Virginia's immunity doctrine protects Strecky from suit as to the malicious prosecution claim, and the court agrees, for the same reasons set forth in the R&R.  (R&R at 9–11.)

As to Shafer's defamation claim against Strecky, he does not offer any specific objection to the proposed resolution of that claim, nor does he even mention the allegations underlying that claim. Nonetheless, because Shafer has objected to the resolution of the claims against Strecky and because he is proceeding pro se such that the court will liberally construe his arguments, the court reviews de novo the R&R's treatment of the state-law defamation claim. Likewise, the court finds Shafer adequately objected to the dismissal of any defamation claim against Carter to trigger de novo review. (*See* R&R at 12 n.10 (discussing defamation claim against Carter).)

The R&R concluded that the defamation claims against these defendants are subject to dismissal because Shafer's complaint does not adequately plead facts to show what false statement was made, when it was made, or why it was defamatory. Reviewing this portion of the R&R de novo, however, the court instead declines to exercise jurisdiction over the state-law defamation claims in light of the dismissal of all federal claims. *See* 28 U.S.C. § 1367(c)(2).

For the foregoing reasons, the court will adopt the report and recommendation as to all claims except the defamation claims against defendants Strecky and Carter. As to those claims, the court will not adopt the R&R and will instead decline to exercise jurisdiction over those claims and dismiss them without prejudice.

An appropriate order will be entered.

Entered: September 20, 2023.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge